**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE GARCIA-CONCEPCION,
a/k/a Rogelio Perez-Gonzales, a/k/a
Garcia Jose Martinez, a/k/a Steve
Jasso-Garcia, a/k/a Steve Garcia,

    Defendant-Appellant.

No. 09-6168

(W.D. of Okla.)

(D.C. No. 5:09-CR-00086-M-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Jose Garcia-Concepcion pleaded guilty to illegally reentering the United

States in violation of 18 U.S.C. § 1326(a). He timely filed a notice of appeal.

Finding no meritorious grounds for an appeal, Garcia-Concepcion's counsel

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). After reviewing counsel's brief and conducting an independent review of the record, we agree with counsel that there are no meritorious appellate issues.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we therefore GRANT counsel's motion to withdraw and AFFIRM Garcia-Concepcion's conviction and sentence.

## I. Background

Garcia-Concepcion was removed from the United States in 2002 after a conviction for drug trafficking. In April 2009, he was found to have returned to the United States without consent and charged with illegal entry. In a May 2009 hearing, Garcia-Concepcion pleaded guilty to illegally reentering the United States in violation of 18 U.S.C. § 1326(a). The applicable Sentencing Guidelines range for that offense was 46 to 57 months. Through counsel, Garcia-Concepcion requested a downward departure, arguing that he merely returned to the United States to be closer to his daughter. Noting Garcia-Concepcion's criminal history, the district court did not grant the downward departure but did sentence him to 46 months imprisonment followed by three years of supervised release.

## II. Discussion

Under *Anders*, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

If counsel makes that determination, he or she may "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* The client may also submit arguments to the court in response. We must then fully examine the record "to determine whether defendant's claims are wholly frivolous." *Id.* If we find they are, we may dismiss the appeal.

The only possible bases for Garcia-Concepcion's appeal are the district court's decision to accept his guilty plea and the substantive reasonableness of his sentence. Because Garcia-Concepcion did not assert any error during his Rule 11 sentencing hearing, nor move to withdraw his guilty plea, we review any challenges to the plea hearing for plain error. *United States v. Cano-Varela*, 497 F.3d 1122, 1131 (10th Cir. 2007). "To show Rule 11 plain error, a defendant must show (1) error that (2) is plain which (3) affected his substantial rights and (4) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotations omitted).

Having carefully reviewed the record, we conclude the district court did not commit any error in accepting Garcia-Concepcion's guilty plea. At the change of plea hearing, Garcia-Concepcion stated to the district court that he was alert, was proceeding voluntarily under his own free will, understood the rights he was waiving by pleading guilty, was not under the influence of any substance, and understood the district court could sentence him as if he had been convicted at trial. The district court also determined the factual basis for the guilty plea and

complied with all other requirements of Rule 11. Accordingly, any appeal from the Rule 11 hearing would be wholly frivolous.

We review sentences for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). When a defendant is sentenced within a properly calculated Guidelines range, the sentence "is entitled to a rebuttable presumption of reasonableness." *Id.* at 1054. "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." *Id.* at 1055. Garcia-Concepcion's counsel asserts the district court calculated the Guidelines range properly and made no other procedural errors. We agree, and thus we presume the sentence to be reasonable. We further find the § 3553(a) factors do not provide a basis for rebutting the presumption in this case. While Garcia-Concepcion requested a downward departure based on his desire to be closer to his child, the district court found his criminal history in drug trafficking as weighing against any further mitigation of his sentence. Seeing no substantive error, we conclude the 46-month sentence is reasonable.

### III. Conclusion

We agree no meritorious basis exists for Garcia-Concepcion's appeal of either his conviction or his sentence. We therefore GRANT his counsel's motion to withdraw and AFFIRM Garcia-Concepcion's conviction and sentence.


ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge